SWEET and TITUS *vs.* VAN WYCK and SWEET.

Where a bond and mortgage are assigned as security for a debt, a subsequent assignee takes the same subject to the right of the original assignor, to redeem the securities, upon paying the amount of the loan for which such bond and mortgage were pledged, with interest.

Form and requisites of a decree for the redemption of mortgaged premises, where the mortgage has been assigned by the mortgagee to a third person as security for a debt.

THIS was an appeal by Van Wyck, one of the defendants, from a decree of the vice chancellor of the second circuit, allowing the redemption of a mortgage which had been originally assigned to the defendant S. Sweet as security for a debt.

*H. Harris,* for the appellant.

*J. Rhoades,* for the complainants.

*C. Stevens,* for the defendant S. Sweet.

THE CHANCELLOR. Whatever may have been the agreement between these defendants, S. Sweet could not convey any greater interest in the bond and mortgage than was vested in himself. Van Wyck, therefore, took the bond and mortgage, under the assignment to him, subject to the right of Sarles, or of the complainants, as his assignees, to redeem the same, upon paying the amount of the loan for which such bond and mortgage were pledged by Sarles, with the interest thereon. The decree is therefore right as between the complainants and the appellant Van Wyck; except that in drawing up the decree the complainants' solicitor has neglected to insert the usual and proper clause fixing the time within which the complainants should redeem, or be barred of their right.

The decree was erroneous, however, as between the defendants; for the complainants had nothing to do with the question whether the defendant S. Sweet was or was not bound to guaranty the payment of the whole amount of the bond and

mortgage, to Van Wyck; and to indemnify the latter for the costs of his unjustifiable resistance to the right of the complainant to redeem. The bill, therefore, should have been simply dismissed as to S. Sweet, and without prejudice to the rights of the defendants, as between themselves, in any future litigation. And although I am perfectly satisfied that upon the facts as they now appear Van Wyck has no claim, either legal or equitable, against S. Sweet, on account of the costs of this litigation or for the surplus of the bond and mortgage beyond the amount of Sweet's interest therein as mortgagee thereof, the part of the decree settling these rights in this suit, where they could not be properly litigated and decided, must be reversed. But it must be without costs to either party.

It appears by the master's report that the appellant has been in the receipt of the interest, on the bond and mortgage assigned to him, during the pendency of this suit. It may be necessary to have a further reference, therefore, to ascertain what is now due him, before the complainants are bound to tender the amount which is to be paid by them to redeem; unless the parties can agree as to the amount due. The decree must accordingly be modified so as to direct that it be referred to a master, to ascertain and report what is now due to the defendant Van Wyck on account of the debt for which the bond and mortgage were assigned by Sarles to the defendant Sweet. The master must take the former report as the basis of what was due at the date of that report, and must deduct from the principal and interest of the sum then reported due all sums which the defendant Van Wyck has received since that time on account of principal or interest of the bond and mortgage: whether he received interest at the rate of six or seven per cent. And the decree must prohibit the defendant Van Wyck from receiving any further sums on the bond and mortgage, unless the complainants shall neglect to redeem or to tender the amount necessary for that purpose as hereafter directed. Upon the coming in and confirmation of the master's report of the amount due to Van Wyck, and after notice to the complainants that the report has become absolute, they must, within six

months, pay to the defendant Van Wyck, or to his solicitor, the amount reported due, with interest thereon from the date of such new report; deducting therefrom the costs of the complainants, and interest thereon from the time when they shall have been taxed. And the defendant Van Wyck, upon payment or tender of the amount due, must reassign the bond and mortgage to the complainants. If upon the coming in of the master's report it appears that the defendant Van Wyck has been overpaid, or that there is not enough due to him to satisfy the costs of the complainants, he is to reassign the bond and mortgage immediately upon the taxation of the costs, without any payment or tender to him; and he must, in that case, pay to the complainants whatever may appear to be due to them for such over-payment, and for costs, or for the balance of the costs beyond what may be reported due to the defendant Van Wyck.

Neither party is to have costs against the other upon this appeal. If a reference is necessary to ascertain the amount, the appellant is to be at liberty to prosecute the reference; so as to prevent any unnecessary delay. But if the parties can agree upon the amount actually due, it may be inserted in the decree, so as to save the expense of a reference. And if a reference is ordered, all the necessary consequential directions are to be inserted in the decree; so that the cause may not again be brought before the court, unless there should be exceptions to the master's report which it will be necessary for the new supreme court to pass upon.